UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

+-----------------------------------+

UNITED STATES OF AMERICA,

v.                          06-cr-611 (JSR)

PAUL LEOS TSENG,
                                    ORDER
            Defendant.

+-----------------------------------+

JED S. RAKOFF, U.S.D.J.

In 2007, defendant Paul Leos Tseng pleaded guilty to five counts charging violations of 21 U.S.C. § 846 (conspiracy to distribute cocaine, ecstasy, and ketamine); 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (use of a firearm during a drug trafficking offense); 18 U.S.C. § 371 (conspiracy to commit the unlicensed sale of firearms); 18 U.S.C. § 922(a)(1)(A) (unlicensed sale of firearms); and 18 U.S.C. § 371 (conspiracy to traffic in counterfeit goods). On June 2, 2008, the Court sentenced the defendant to the applicable mandatory-minimum term of fifteen years' imprisonment, to be followed by five years of supervised release. ECF No. 58. Tseng has served nearly the entirety of his term of imprisonment and is scheduled for release on May 10, 2021. Tseng, who is currently housed at FCI Morgantown, now moves for compassionate release pursuant to 18 U.S.C. § 3582. Specifically, Tseng seeks immediate compassionate release followed by a term of

1

supervised release limiting him to home confinement until May 10, 2021, to be thereafter followed by the original term of an additional five years of supervised release without home confinement.

Prior to the enactment of the FIRST STEP Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prison ("BOP") could file a motion for compassionate release to courts. The FIRST STEP Act amended this provision to permit an inmate to file a motion for compassionate release following the exhaustion of his or her administrative remedies with the Bureau of Prisons ("BOP") or 30 days after submitting a request to the appropriate Warden. See 18 U.S.C. § 3582(c)(1)(A). Although the parties dispute whether Tseng has exhausted his administrative remedies, this exhaustion requirement is waivable where, as here, release is sought based on the risk posed by COVID-19. See United States v. Haney, No. 19-cr-541 (JSR), 2020 WL 1821988, *4 (S.D.N.Y. Apr. 13, 2020). Accordingly, and even assuming Tseng has not exhausted his administrative remedies, the Court proceeds to the merits of Tseng's motion.

Under § 3582(c)(1)(A), a court may reduce the petitioner's prison sentence if, after consideration of the 18 U.S.C. § 3553(a) factors, it finds that "extraordinary and compelling reasons" warrant such a reduction. Both the Government and defense agree that France has established "extraordinary and

compelling" reasons for his release because he suffers from Type 2 diabetes, a condition that places him at higher risk of severe illness from COVID-19.[1] The Court thus turns to whether the 3553(a) factors support a granting Tseng's motion. For the following reasons, the Court finds that they do.

One of the 3553(a) factors is the history and characteristics of the defendant. Here, Tseng's Type 2 diabetes, although diagnosed at the time of his initial sentencing, now presents a much graver threat to his health in light of COVID-19. In addition, Tseng seeks release in large part to provide full time care his ailing father, whose own health infirmities have significantly deteriorated in recent months, and to support his mother, who is also in poor health.  Tseng has prepared for this task by working in the Health Services at FCI Danbury, receiving training in urgent care, and demonstrating a degree of rehabilitation through this undertaking. Given the medical conditions of both Tseng and his parents, the potential consequences of delay in returning home are grave.

Moreover, granting Tseng's request relief would not be contrary to the other 3553(a) factors, that is, the need for Tseng's sentence to reflect the seriousness of his offense,

---

[1] See Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

afford deterrence, and avoid sentencing disparities because Tseng has already served the vast majority -- all but 10 months -- of his 15-year sentence. Furthermore, imposition of a term of supervised release that imposes home confinement until Tseng's projected release date of May 10, 2021 will significantly limit Tseng's freedom even for the remaining 10 months of his sentence. While the Government speculates that such a period of home confinement may be less beneficial to Tseng than release to a halfway house, the Court is unpersuaded and is moreover concerned that a halfway house likely presents a greater risk of COVID-19 infection than home confinement.

Accordingly, the Court exercises its discretion to reduce Tseng's sentence to time served and orders Tseng's immediate release on the following supervised release conditions: 1) that Tseng abide by the standard supervised release conditions; 2) that within 72 hours of release, Tseng contact the U.S. Probation Office by phone for specific reporting instructions; 3) that Tseng reside at his parents' residence and be confined to the home -- except when attending medical appointments, job training, or other activities expressly approved in advance by the U.S. Probation Office -- until May 10, 2021; and 4) that Tseng thereafter serve five years of supervised release on the terms and conditions specified in the original judgment.

SO ORDERED.

4

Dated:    New York, NY

        July 31, 2020                          JED S. RAKOFF, U.S.D.J.